IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| J.D. HEISKELL HOLDINGS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>VACACO, L.C.C., and KELLY BOETTCHER<br><br>Defendant. | 8:22CV84<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff J.D. Heiskell Holdings, LLC's motion for default judgment. Filing No. 20. Plaintiff's complaint alleges two claims of breach of contract: first, against defendant company Vacaco, LLC for breaching the promissory note entered into by plaintiff and defendant; and second, against defendant Kelly Boettcher's for breach of guaranty. Filing No. 1.

Plaintiff moves for an entry of default judgment and determination of damages pursuant to Federal Rules of Civil Procedure 8(b)(6) and 55(b)(2). Filing No. 20, Filing No. 21 at 6–7. Plaintiff seeks judgment against Vacaco LLC ("Vacaco") in the amount of $638,608.02 plus interest, fees, and costs accruing from June 30, 2022, at a rate of eighteen percent. Filing No. 20 at 1. Plaintiff seeks judgment against Kelly Boettcher ("Boettcher") in the same amount. *Id.* Plaintiff relies on defendants' lack of responsive filings and the Clerk's Entries of Default. Filing No. 8; Filing No. 19.

1

**BACKGROUND**

The record shows that Plaintiff filed an initial Complaint against the defendants on March 3, 2022. Filing No. 1. A Summons was successfully served upon Vacaco's registered agent on March 22, 2022. Filing No. 6. However, attempts to serve Boettcher were unsuccessful. Filing No. 9; Filing No. 10. Plaintiff requested, and was granted, an extension of time and alternative means of completing service. Filing Nos. 11, 12, and 13. Service on Defendant Kelly Boettcher was successful on June 13, 2022. Filing No. 16.

To date, neither defendant have answered or otherwise responded in this action.

**LAW**

Under the Federal Rules of Civil Procedure, the entry of a default judgment against a party is committed to the "sound discretion of the trial court." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015). It is "appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). It is, however, "incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Marshall*, 616 F.3d at 852–53 (quoting *Murray*, 595 F.3d at 871). Moreover, "a default judgment cannot be entered until the amount of damages has been ascertained." *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000).

2

**DISCUSSION**

This Court finds the plaintiff has sufficiently shown that the defendants were properly served with the complaint in this action. Further, the Court finds Plaintiff's complaint states a legitimate claim for breach of contract and breach of guaranty. The Plaintiff's motion for default judgment is granted. Pursuant to the authority granted to this Court by Federal Rule of Civil Procedure 55(b)(2)(B), damages will be determined at a hearing.

THEREFORE, IT IS SO ORDERED that:

1. Plaintiff's motion for default judgment (Filing No. 20) is granted.

2. A hearing to determine damages will be held on November 9, 2022 at 1:30 p.m. in Courtroom 3, Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Omaha, NE before Senior Judge Joseph F. Bataillon. Evidence and argument will be presented to the Court at that time.

Dated this 28th day of September, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge